# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0453, <u>Allyn Jones v. Seabreeze Condominium Association</u>, the court on May 16, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Allyn Jones, appeals the order of the Superior Court (<u>Schulman</u>, J.), following a bench trial and a view of the subject property, denying his claims for damages and awarding nominal damages to the defendant, Seabreeze Condominium Association, on its counterclaim. The plaintiff argues that the trial court erred in: (1) finding that the defendant was not required to reimburse him for the cost of replacing the sliding glass doors to his oceanfront unit; (2) finding that the plaintiff failed to prove damages; and (3) awarding the defendant nominal damages for the plaintiff's alteration of the exterior of the building.

The trial court found that, under the condominium documents, the defendant has sole responsibility to repair, replace, and install the sliding glass doors between the interior of the plaintiff's unit and his outdoor deck, and that its "refusal to honor these responsibilities from 2009 (or earlier) through September 22, 2012 was likely a breach of the contractual obligations it owed to [the plaintiff]." The court found, however, that the plaintiff "has not proven any damages that flow from this breach" because, after the defendant notified the plaintiff that it agreed to pay the full cost of purchasing and installing new sliding glass doors, the plaintiff "either intentionally ignored the September 27, 2012 letter or, alternatively, recklessly refused to communicate with the Association . . . in August, September and October, 2012."

The court found that, "[w]ithout obtaining the Association's assent, [the plaintiff] (a) purchased sliding glass doors that were not recommended for use in a coastal zone, (b) installed them in an improper manner that altered the exterior of the building and (c) installed them in a manner that the Association believes to have led to more leaks." The plaintiff did not seek compensation for any property damage to his unit caused by water leaks. He sought reimbursement for the new doors in the amount of $7,685.24.

The court concluded that the plaintiff "is clearly not entitled to reimbursement for the cost of purchasing the wrong sliders, installing them the

wrong way and altering the exterior of the building." Although the plaintiff asserts that the defendant's property manager observed the installation of the new doors and failed to order him to stop, the court found that "[b]y the time the property manager arrived, the vinyl siding had already been cut and [the manager] had no choice but to let the installation proceed."

The court also found that the plaintiff breached his contractual obligations to the defendant by altering the exterior of the building without permission; however, the court concluded that the defendant failed to prove that the alteration caused a diminution in the value of the condominium and awarded nominal damages of one dollar.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
